**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN RE: | CASE NO. 09-06350 EAG |
| PEDRO A. ORTIZ NEGRON, and HELEN CORDERO ALDAHONDO, | CHAPTER 13 |
| DEBTORS. | FILED & ENTERED ON 09/21/2015 |

**OPINION AND ORDER**

On June 10, 2015, the court entered an opinion and order granting the debtors' objection to Banco Popular de Puerto Rico's amended proof of claim.  (Docket Nos. 55 & 75.)  The bank has since moved for reconsideration.  (Docket No. 77.)  For the reasons stated below, the court denies Banco Popular's request.

Generally, a motion for reconsideration under Rule 59(e), made applicable under Bankruptcy Rule 9023, can be brought only to "correct manifest errors of law, present newly discovered evidence, or when there is an intervening change in law."[1] Jimenez-Gonzalez v. Rubio, 2012 U.S. Dist. LEXIS 135758, *3-*4 (D.P.R. Sept. 21, 2012) (citing Prescott v. Higgins, 538 F.3d 32, 45 (1st Cir. 2008)).  "The granting of a motion for reconsideration is an extraordinary remedy which should be used sparingly." Palmer v. Champion Mortg., 465 F.3d 24, 30 (1st Cir. 2006) (citations omitted).  Such motions cannot

---

[1]Unless otherwise indicated, the terms "Bankruptcy Code," "section" and "§" refer to Title 11 of the United States Code, 11 U.S.C. §§ 101, et seq., as amended. All references to "Bankruptcy Rule" are to the Federal Rules of Bankruptcy Procedure, and all references to "Rule" are to the Federal Rules of Civil Procedure. All references to "Local Bankruptcy Rule" are to the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Puerto Rico.  And all references to "Local Civil Rule" are to the Local Rules of Civil Practice of the United States District Court for the District of Puerto Rico.

be used to re-litigate matters already decided by the court.  See Rubio, 2012 U.S. Dist. LEXIS

13578, at *3; Marks 3 Zet-Ernst Marks GMBH & Co. KG v. Presstek, Inc., 455 F.3d 7, 15-16

(1st Cir. 2006) ("[a] motion for reconsideration does not provide a vehicle for a party to

undo its own procedural failures and it certainly does not allow a party to introduce new

evidence or advance new arguments that could or should have been presented to the . . .

court prior to judgment.").

In its opinion and order, the court disallowed Banco Popular's amended proof of

claim, which was filed in the 60th month of the debtors' chapter 13 plan.  See In re Negron,

2015 Bankr. LEXIS 1902, at *12 (Bankr. D.P.R. June 10, 2015).  Adopting the reasoning of In

re Alonso,  525 B.R. 195 (Bankr. D.P.R. 2015), the court held that the bank had simply

waited too long to amend its claim, as the 11th hour amendment would not leave the

debtors time to cure the newly revealed arrears through a post-confirmation modification.

Id. at *10–*11.  As a result, the chapter 13 trustee would be forced to try to recover

amounts previously paid to the unsecured creditors in order to pay the bank's amended

claim, which would unfairly prejudice those creditors.  Id. at *11.

Banco Popular now argues that the court erred in granting the debtors' objection

to its proof of claim, contending that this effectively modified its secured claim, which is not

permitted under section 1322(b)(2).  (Docket No. 77.)   The bank also maintains that the

court should not have relied on In re Alonso, 525 B.R. 195 (Bankr. D.P.R. 2015), in making

its ruling, since the plan in that case only provided for the curing of mortgage arrears,

whereas the plan here called for the debtors to both cure the mortgage arrears and to

2

prepay the remaining mortgage balance.  Id.  The court is not persuaded by the bank's arguments.

Addressing the second point first, while it was not entirely clear from Banco Popular's papers on the objection to the proof of claim that the bank was basing its argument, in part, on the fact that the plan provided for the prepayment of the mortgage, the analysis does not change.  (Docket Nos. 55, 61, 66 & 69).  Just as a chapter 13 plan may provide for the curing of arrears under section 1322(b)(3), so too may a plan–with respect to a long-term debt–provide for the curing of any default "within a reasonable time" while maintaining regular payments, under section 1322(b)(5).  11 U.S.C. §§ 1322(b)(3)&(5). This is distinct from plans that propose to substantively change a debtor's obligations to a creditor whose claim is secured only by debtor's principal residence, which is prohibited under section 1322(b)(2) unless the exception under section 1322(c) applies.  11 U.S.C. § 1322(b)(2); see Ameriquest Mortg. Co. v. Nosek (In re Nosek), 544 F. 3d 34, 45 (1st Cir. 2008) ("Notwithstanding the general exception set forth in §1322(b)(2), which prevents the modification of a lender's rights secured by a debtor's primary residence, §1322(b)(5) explicitly 'authorizes debtors to cure any defaults on a long-term debt, such as a mortgage, and to maintain payments on the debt during the life of the plan.'") (quoting Rake v. Wade, 508 U.S. 464 (1993)); In re Alonso, 525 B.R. 195, 201 (Bankr. D.P.R. 2015) (distinguishing between plans that propose to cure mortgage arrears on a debtor's residence, which are permitted under section 1322(b)(3) and (b)(5), and those that make substantive changes to a debtor's obligations to the mortgage creditor, which are not.)

In this case, the confirmed plan provides for the curing of debtors' mortgage arrears while making monthly payments to the bank, which is allowed under section 1322(b)(5). Ameriquest, 544 F. 3d at 45; (Docket No. 23.) The fact that the debtors elected to complete all payments on their mortgage within the 60-month term of their plan, several months prior to when the mortgage became due, does not change this. Nor does it prejudice Banco Popular. As the court explicitly found in its prior opinion and order, the confirmed plan "does not fundamentally modify BPPR's rights by lowering the monthly payments, changing the interest rate, or by extending the maturity date of the loan." Negron, 2015 Bankr. LEXIS 1902, at *9. Furthermore, there is no indication that the debtors triggered a prepayment penalty by their early payment of the mortgage.[2] (Claims Register No. 3-1.)

Ultimately then, the analysis of In re Alonso, 525 B.R. 195, 201 (Bankr. D.P.R. 2015), still applies. Allowing the bank to amend its claim in the final month of a 60-month plan would unfairly prejudice the unsecured creditors from whom the chapter 13 trustee would have to attempt to recover to pay Banco Popular's amended secured claim. Alonso, 525 B.R. at 206. The bank has not demonstrated why an amendment could not have been filed earlier, which would have allowed the debtors time to try to cure the arrears through a post-confirmation modification. Negron, 2015 Bankr. LEXIS 1902, at *10-*11. If the debtors were falling behind on their plan payments, the bank could have pursued other remedies. Id. at *11 ("to the extent the postpetition arrears are due to failure to keep up

---

[2] The mortgage note does provide for a prepayment penalty, inapplicable here, where the borrower, within the first five years, makes prepayments "with money lent to the undersigned by a lender other than the holder thereof." (Claims Register No. 3-1, p. 7.) As the note is dated January 31, 2000, though, this penalty period expired at the end of January 2005.

with plan payments, the bank could have filed a motion to dismiss for failure to make plan payments.").

Accordingly, absent a showing of manifest error by this court, newly discovered or previously unavailable evidence, manifest injustice, or an intervening change in controlling law that warrants reconsideration, the motion for reconsideration at docket number 77 is denied.

SO ORDERED.

In Ponce, Puerto Rico, this 21st day of September, 2015.

Edward A. Godoy
U.S. Bankruptcy Judge